```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**ROBERT WORRELL,**

                        **Petitioner,**

        v.                                    CASE NO. 05-3063-SAC

**STATE OF KANSAS,**

                        **Respondent.**

**O R D E R**

This matter is before the court on an action filed by a prisoner in state custody. By its earlier order (Doc. 3), the court directed the petitioner to clarify whether he intended to file the present matter as a petition for federal habeas corpus relief pursuant to 28 U.S.C. 2254 or 28 U.S.C. 2241, or as an action for state postconviction relief pursuant to K.S.A. 60-1501.[1]

Petitioner filed a timely response (Doc. 4) in which he asks the court to consider this matter as a writ of mandamus pursuant to K.S.A. 60-801 and direct a state district court judge "to make a legal ruling on [petitioner's] nunc-pro-tunc motion for jail time credit."

---

[1] The initial pleading in this matter is captioned "In the Federal Court of Shawnee County Kansas Writ of Habeas Corpus Pursuant to 60-1501." (Doc. 1, p. 1.)

The federal courts have the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. 1651. However, "[f]ederal courts have no authority to issue a writ of mandamus to a state judge." <u>Olson v. Hart</u>, 965 F.2d 940, 942 (10th Cir. 1992). Accordingly, the court cannot grant the mandamus relief sought by the petitioner.

Petitioner's remedy lies in the state courts. Pursuant to Kansas Supreme Court Rule 9.01(b), "where the relief sought is an order in mandamus against a judge involving pending litigation before such judge, the judge and all parties to the pending litigation shall be deemed respondents." Thus, petitioner's remedy is an original action in Kansas Supreme Court seeking an order to compel action by the state district court judge.

Accordingly, the present action for mandamus relief will be dismissed. Petitioner must pursue such relief in the state courts.

IT IS THEREFORE ORDERED this matter is liberally construed as a petition for mandamus and is dismissed.

IT IS FURTHER ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 12th day of October, 2005, at Topeka, Kansas.

                    S/ Sam A. Crow
                    SAM A. CROW
                    U.S. Senior District Judge